# Exhibit A

5

Gary K. Daglian, Esq. (SBN No. 232717)
DAGLIAN LAW GROUP, APLC
701 N. Brand Blvd., Suite 610
Glendale, California 91203
Telephone:   (818) 545-7700
Facsimile:   (818) 545-3700

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

SEP 18 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| SONIA MADRID-CORTEZ, an individual, <br><br> Plaintiff(s), <br><br> vs. <br><br> ACADEMY MORTGAGE CORPORATION, a Utah Corporation, and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO. **BC558016** <br><br> **COMPLAINT FOR:** <br><br> 1. DISABILITY & GENDER DISCRIMINATION –TERMINATION OF EMPLOYMENT (Gov. Code § 12940(a)); <br> 2. DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE (Gov. Code § 12940(m)); <br> 3. DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS (Gov. Code § 12940(n)); <br> 4. FAILURE TO PREVENT DISCRIMINATION & RETALIATION (Gov. Code § 12940(k)); <br> 5. RETALIATION IN VIOLATION OF PUBLIC POLICY (Disability & Whistle Blowing Activities); <br> 6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (Disability & Whistle Blowing Activities) <br><br> **JURY TRIAL DEMANDED** |

### PARTIES

1.   Plaintiff SONIA MADRID-CORTEZ ("Plaintiff") is an individual who resides in the State of California.

COMPLAINT

2. Plaintiff is informed and believes and based thereon alleges that Defendant ACADEMY MORTGAGE CORPORATION ("Defendant MORTGAGE") is a Utah corporation with at least one office located in the County of Los Angeles.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the occurrences herein alleged and that the injuries of Plaintiff as herein alleged have been proximately caused by the aforementioned defendants, and each of them.

4. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the co-defendants.

## VENUE

5. Venue as to each Defendant is proper in this judicial district, pursuant to California Government Code § 12965. Actions and/or omissions leading to liability in this case occurred in the County of Los Angeles.

## FACTUAL ALLEGATIONS

6. Plaintiff was actively employed by Defendant MORTGAGE from approximately January 28, 2013 to on or about June 19, 2014 as a loan processor.

7. Defendant MORTGAGE has at least one location in California. Plaintiff worked from the Downey branch.

8. In or about September 2013, Plaintiff informed Defendant MORTGAGE and employees of Defendant MORTGAGE that she was pregnant.

9. Approximately on or about Thanksgiving Holiday of 2013, Plaintiff developed lower back pain related to her pregnancy. On or about December 3, 2013, Plaintiff saw her doctor for her continued lower back pain. Plaintiff's doctor placed Plaintiff off work from December 9,

2013 through January 12, 2014. Plaintiff last worked for Defendant MORTGAGE on or about December 6, 2013.

10. On or about January 9, 2014, Plaintiff's doctor extended Plaintiff's disability to February 17, 2014.

11. On or about February 17, 2014, Plaintiff gave birth to her daughter via cesarean surgery. Plaintiff was placed off work from February 17, 2014 to on or about April 14, 2014.

12. On or about March 2, 2014, Plaintiff was hospitalized due to development of sepsis and postpartum nonpurulent mastitis as a result of post-pregnancy complications. Plaintiff suffered from severe pain and bleeding of the nipples. Plaintiff was required to wear a nursing bra without a shirt to help alleviate the pain.

13. On or about April 1, 2014, Plaintiff's doctor placed Plaintiff on further disability as a result of the sepsis and mastitis developed in March and the ongoing pain, bleeding, and discomfort Plaintiff was experiencing. The doctor placed Plaintiff on leave through on or about May 11, 2014.

14. On or about May 5, 2014, Plaintiff's doctor examined Plaintiff and placed her on leave through on or about June 16, 2014 - again, as a result of Plaintiff's postpartum complications.

15. On or about May 16, 2014, Plaintiff was hospitalized again. Plaintiff remained in the hospital for approximately five (5) days and was discharged on or about May 21, 2014 due to ongoing post-pregnancy complications rendering her disabled to return to work.

16. Throughout the entire time that Plaintiff remained on disability and away from work, she continued to remain in contact with Defendant MORTGAGE and continuously and timely provided updates to Defendant MORTGAGE, through its authorized employees/agents, pertaining to Plaintiff's condition and progress.

17. On or about May 31, 2014, Plaintiff received a letter dated May 23, 2014 from Defendant MORTGAGE'S Human Resources Department, namely from Jaydee Blackburn, threatening Plaintiff that she would be terminated if she did not provide a doctor's note by June 5, 2014 notwithstanding the fact that Plaintiff had previously provided Defendant MORTGAGE with

all the requisite documents pertaining to her disability.

18. Immediately upon receipt of Defendant MORTGAGE'S letter of May 23, 2014, Plaintiff immediately responded to Ms. Blackburn, who in turn tersely re-referenced Defendant MORTGAGE'S imposed deadline of June 5, 2014.

19. On June 5, 2014, Plaintiff visited her doctor, who placed Plaintiff on disability leave through August 3, 2014. On the same day, Plaintiff timely sent an email correspondence to Ms. Blackburn.

20. On or about June 19, 2014 at approximately 11:59 a.m., Plaintiff received a call from Jeanie Howard demanding that Plaintiff "fill in the blanks" as to why she was out on disability for "so long." Plaintiff explained Ms. Howard of Plaintiff's unfortunate medical condition. Ms. Howard informed Plaintiff that she would "look into it" and respond to her shortly. At or about 2:19 p.m., Ms. Howard contacted Plaintiff and informed her that Plaintiff was being terminated "based on 3 laws: (a) PDL, (b) FMLA, and (c) CFRA."

21. On or about June 29, 2014, Plaintiff receives a letter dated June 23, 2014 confirming Plaintiff's termination.

22. On or about September 8, 2014, Plaintiff filed her Complaint of Discrimination and retaliation for, among other things, disability discrimination with the Department of Fair Employment and Housing ("DFEH"). On that same date, the DFEH issued Plaintiff her Right-to-Sue letter. This action is filed within one year of the date of that Right-to-Sue letter. A true and correct copy of the Right To Sue letter is attached hereto as Exhibit "1."

### FIRST CAUSE OF ACTION
### Disability & Gender Discrimination –Termination of Employment
### (California Government Code § 12940(a))
### Against All Defendants

23. Plaintiff incorporates by reference all previously alleged paragraphs as though fully set forth herein.

24. At all times relevant to this Complaint, the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12900 et seq.) and its implementing regulations were in

COMPLAINT

- 4 -

9

full force and effect and binding on Defendant MORTGAGE.

25. Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of the employee's physical disability or gender.

26. Pursuant to Government Code §§ 12926 and 12926.1 Plaintiff had a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by Defendant MORTGAGE.

27. Plaintiff was able to perform the essential functions of her job so as long as Defendant MORTGAGE accommodated Plaintiff's request for disability leave through August 3, 2014. Plaintiff's disability was such that it only affected individual's of the same gender as Plaintiff.

28. Plaintiff's physical disability was a motivating factor in Defendant MORTGAGE'S decision to terminate her employment.

29. As a direct and proximate result of Defendant MORTGAGE'S wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has further suffered emotional distress and other general damages.

30. In doing the things alleged herein, the Defendant MORTGAGE'S conduct was despicable. Defendant MORTGAGE acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### Disability Discrimination – Failure to Accommodate

(California Government Code § 12940(m))

### Against All Defendants

31. Plaintiff incorporates by reference all previously alleged paragraphs as though fully set forth herein.

32. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on Defendant MORTGAGE.

COMPLAINT

-5-

33.  Pursuant to Government Code § 12940(m) it is unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

34.  Pursuant to Government Code §§ 12926 and 12926.1 Plaintiff had a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by Defendant MORTGAGE.

35.  As set forth above, Plaintiff requested a reasonable accommodation, which included leave through August 3, 2014 while she healed from postpartum complications.

36.  Defendant MORTGAGE failed and refused to provide Plaintiff the reasonable accommodation and terminated her employment citing to other pregnancy leave laws.

37.  As a direct and proximate result of Defendant MORTGAGE'S wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has further suffered emotional distress and other general damages.

38.  In doing the things alleged herein, the Defendant MORTGAGE'S conduct was despicable. Defendant MORTGAGE acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION

**Disability Discrimination – Failure to Engage in the Interactive Process**

**(California Government Code § 12940(n))**

**Against All Defendants**

39.  Plaintiff incorporates by reference all previously alleged paragraphs as though fully set forth herein.

40.  At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on Defendant MORTGAGE.

41.  Pursuant to Government Code § 12940(n) it is unlawful for an employer to fail to engage in the interactive process after a reasonable accommodation is requested by an employee or after it becomes apparent to the employer that an employee's physical disability is impeding the

COMPLAINT

employee's ability to carry out the essential functions of his job.

42. Pursuant to Government Code §§ 12926 and 12926.1 Plaintiff had a physical disability, a record of physical disability, and/or was perceived or treated as having a physical disability by Defendant MORTGAGE.

43. As set forth above, Plaintiff requested reasonable accommodations, to wit, she requested disability leave through August 3, 2014 while she recovered from postpartum complications. Defendant MORTGAGE failed and refused to respond Plaintiff's request and further failed and refused to engage in a timely, good faith interactive process. In addition, Defendant MORTGAGE failed to initiate the interactive process altogether and tersely cited to other pregnancy leave laws in terminating Plaintiff.

44. As a direct and proximate result of Defendant MORTGAGE'S wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has further suffered emotional distress and other general damages.

45. In doing the things alleged herein, the Defendant MORTGAGE'S conduct was despicable. Defendant MORTGAGE acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

### FOURTH CAUSE OF ACTION

**Failure to Prevent Discrimination Or Retaliation**

(California Government Code § 12940(k))

**Against All Defendants**

46. Plaintiff incorporates by reference all previously alleged paragraphs as though fully set forth herein.

47. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on Defendant MORTGAGE.

48. Pursuant to Government Code § 12940(k), it is unlawful for an employer to fail to prevent discrimination or retaliation from existing in the workplace.

49. In engaging in the conducts described above, Defendant MORTGAGE failed to engage in any reasonable steps to prevent discrimination or retaliation against Plaintiff.

50. Plaintiff is informed and believes and thereon alleges that Defendant MORTGAGE does not have appropriate policies, procedures, practices, guidelines, rules, and/or trainings regarding the prevention of discrimination or retaliation in the workplace

51. As a direct and proximate result of Defendant MORTGAGE'S wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has further suffered emotional distress and other general damages.

52. In doing the things alleged herein, the Defendant MORTGAGE'S conduct was despicable. Defendant MORTGAGE acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION

### Retaliation

(California Government Code § 12940(f))

### Against All Defendants

53. Plaintiff incorporates by reference all previously alleged paragraphs as though fully set forth herein.

54. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on Defendant MORTGAGE.

55. Pursuant to Government Code § 12940 it is unlawful for an employer to retaliate against an employee due to Plaintiff's disability.

56. As set forth above, Plaintiff engaged in multiple acts of protected activity, including, inter alia, objecting to her termination and requesting a reasonable accommodation.

57. Plaintiff's protected activities, or any one of them, served as a motivating factor in the Defendant MORTGAGE'S decision to terminate her.

///

58. As a direct and proximate result of the Defendant MORTGAGE'S wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has further suffered emotional distress and other general damages.

59. In doing the things alleged herein, the Defendant MORTGAGE'S conduct was despicable. Defendant MORTGAGE acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### Against All Defendants

60. Plaintiff incorporates by reference all previously alleged paragraphs as though fully set forth herein.

61. It is the public policy of the State of California to prohibit employers from discharging employees in a discriminatory or retaliatory manner. This public policy is embodied in, inter alia, the California Government Code, the California Code of Regulations and the case of Tameny v. Atlantic Richfield Company (1980) 27 Cal.3d 167.

62. Defendant MORTGAGE'S decision to terminate Plaintiff was motivated at least in part by the (a) Defendant MORTGAGE'S failure or refusal to provide Plaintiff with a reasonable accommodation, (b) Defendant MORTGAGE'S failure or refusal to enter into the interactive process, (c) Plaintiff's disability, and/or (d) Plaintiff's gender.

63. The policy violated by Defendant MORTGAGE was one that inures to the benefit of the public at large since the termination of Plaintiff violated statutes forbidding termination based on a disability and/or gender discrimination.

64. As a direct and proximate result of Defendant MORTGAGE'S wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has further suffered emotional distress and other general damages.

65. In doing the things alleged herein, Defendant MORTGAGE'S conduct was despicable. Defendant MORTGAGE acted toward Plaintiff with malice, oppression, fraud, and

with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

PRAYER FOR JUDGMENT

1. For special, general, and compensatory damages according to proof at trial;
2. For punitive damages according to proof at trial;
3. For reasonable attorneys' fees, expert witness fees, and other litigation expenses pursuant to California Government Code § 12965(b);
4. For all other relief the Court deems appropriate and just.

DATED: September 8, 2014

*Respectfully Submitted,*
DAGLIAN LAW GROUP, APLC

By: _____
GARY K. DAGLIAN, Attorney for Plaintiff

COMPLAINT

- 10 -

EXHIBIT "1"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-804-1684 | TTY 800-700-2320
www.dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

Sep 08, 2014

RE: Notice of Filing of Discrimination Complaint
DFEH Matter Number: 94853-126022
Right to Sue: Madrid-Cortez / Academy Mortgage Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

17

COMPLAINT OF EMPLOYMENT DISCRIMINATION

BEFORE THE STATE OF CALIFORNIA

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of          DFEH No. 94853-126022
Sonia Madrid-Cortez, Complainant.

vs.

Academy Mortgage Corporation Respondent.
1220 East 7800 South
Sandy, Utah 84094

Complainant alleges:

1. Respondent Academy Mortgage Corporation is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around Jun 19, 2014, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or medical leave, Denied pregnancy leave, Denied reasonable accommodation, Denied reinstatement, Forced to quit, Laid-off, Terminated, . Complainant believes respondent committed these actions because of their: Disability, Family Care or Medical Leave, Medical Condition - including Cancer, Sex- Gender, Sex - Pregnancy .

3. Complainant Sonia Madrid-Cortez resides in the City of Bellflower, State of CA. If complaint includes co-respondents please see below.

-1-
*Complaint – DFEH No. 94853-126022*

Date Filed: Sep 08, 2014

**Additional Complaint Details:**

Claimant was terminated on grounds that she had exhausted her leave under the (a) PDL (b) FMLA, and (c) CFRA, according to an individual named Jeanie Howard, employee for Academy Mortgage. Yet, Claimant was disabled and was entitled to leave under the FEHA, which Academy Mortgage failed to provide.

-2-
Complaint – DFEH No. 94853-126022

Date Filed: Sep 08, 2014

19

## VERIFICATION

I, Gary K. Daglian, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On Sep 08, 2014, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Glendale, CA<br>Gary K. Daglian

DFEH 802-1

-3-
Complaint – DFEH No. 94853-126022

Date Filed: Sep 08, 2014



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TTY 800-700-2320
www.dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

Sep 08, 2014

Sonia Madrid-Cortez
9631 Tolly Street
Bellflower CA 90706

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 94853-126022
Right to Sue: Madrid-Cortez / Academy Mortgage Corporation

Dear Sonia Madrid-Cortez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Sep 08, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

21



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TTY 800-700-2320
www.dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR
DIRECTOR PHYLLIS W. CHENG

Enclosures

cc:

22